# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

TANISHA L. WHITE,                               )
                                                )
    Plaintiff,                       )
                                                )
v.                                              )   No. _____
                                                )
QUINCY CATCHINGS, individually                  )
and as agent, servant and/or employee           )   2017L000556
of JORDAN CARRIERS, INC.,                       )   CALENDAR/ROOM H
and JORDAN CARRIERS, INC.,                      )   TIME 00:00
                                                )   PI Motor Vehicle
    Defendants.                      )

### COMPLAINT

Plaintiff, Tanisha L. White, by her attorneys, Seidman Margulis & Fairman, LLP, for

their Complaint against Defendants, Quincy Catchings, individually and as agent, servant and/or

employee of Jordan Carriers, Inc., and Jordan Carriers, Inc., state as follows:

### COUNT I – QUINCY CATCHINGS

1.      On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor

vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue,

both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.      On or about March 9, 2015, Defendant, Quincy Catchings, individually and as

agent, servant and/or employee of Jordan Carriers, Inc., was the permissive user of a 2013 Volvo

D13 Truck owned by Jordan Carriers, Inc. bearing license plate number A312025.

3.      At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing

business in Cook County, Illinois.

4.      On or about July 18, 2016, Defendant, Quincy Catchings, individually and as

agent, servant and/or employee of Jordan Carriers, Inc., was operating said motor vehicle in a

eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

5.     At the aforementioned time and place, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., owed the duty to operate his vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause injuries to others, and specifically owed said duty to the Plaintiff.

6.     On March 9, 2015, the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., caused his motor vehicle to strike the vehicle being operated by Tanisha L. White.

7.     On March 9, 2015, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was then and there negligent in one or more of the following ways in that he:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)     Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)     Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)     Collided with the aforementioned vehicle of the Plaintiff;

(e)     Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5/11-601(a);

(f)     Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)     Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)     Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

8.     One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was a proximate cause of the said collision and personal

injuries sustained by the Plaintiff.

9.     As a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

WHEREFORE, Plaintiff, Tanisha L. White, request that judgment be entered in their favor and against the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., for an amount in excess of the jurisdictional limits plus the costs of this suit.

## COUNT II – JORDAN CARRIER, INC.

1.     On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.     On or about March 9, 2015, Defendant, Jordan Carriers, Inc. was the owner of a 2013 Volvo D13 Truck bearing license plate number A312025.

3.     At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing business in Cook County, Illinois.

4.     On or about July 18, 2016, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was operating said motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

3

5.     At the aforementioned time and place, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, owed the duty to operate his vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause injuries to others, and specifically owed said duty to the Plaintiff.

6.     On March 9, 2015, the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, caused his motor vehicle to strike the vehicle being operated by Tanisha L. White.

7.     On March 9, 2015, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was then and there negligent in one or more of the following ways in that he:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)     Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)     Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)     Collided with the aforementioned vehicle of the Plaintiff;

(e)     Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5/11-601(a);

(f)     Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)     Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)     Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

8.     One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was a proximate cause of the said collision and personal injuries sustained by the Plaintiff.

9.     As a direct and proximate result of one or more of the aforesaid careless and/or

4

negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

WHEREFORE, Plaintiff, Tanisha L. White, request that judgment be entered in their favor and against the Defendant, Jordan Carriers, Inc., for an amount in excess of the jurisdictional limits plus the costs of this suit.

Respectfully submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

By: _____

Attorney for Plaintiff

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street - Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
(312) 853-2187 (F)
nfudukos@seidmanlaw.net
Firm No.: 57415

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY - ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

TANISHA L. WHITE,                )
                                 )
    Plaintiff,                )
                                 )
    v.                        )    No. _____
                                 )
QUINCY CATCHINGS, individually   )
and as agent, servant and/or employee )
of JORDAN CARRIERS, INC.,        )
and JORDAN CARRIERS, INC.,       )
                                 )
    Defendants.               )

### SUMMONS

To each defendant:    **JORDAN CARRIERS, INC**, Agent: Charles Kenneth Jordan, Jr., 170 Highway 61 South, Natchez, MS 39120

       YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of the Circuit Court of Cook County at the following location: Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

       This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Attorney No.: 57415
Nikitas Fudukos – nfudukos@seidmanlaw.net
Seidman Margulis & Fairman, LLP
Attorney for Plaintiff
Address: 20 South Clark Street, Suite 700
City/State/Zip: Chicago, Illinois 60603
Telephone: (312) 781-1977

WITNESS:_____, _____

_____
          Clerk of Court
Date of Service:_____
       (To be inserted by officer on copy left with defendant
       or other person)

Service by Facsimile Transmission will be accepted at: _____
                         (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C

Return -
170556

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TANISHA L. WHITE, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17 L 556 |
| | ) |
| QUINCY CATCHINGS, individually | ) |
| and as agent, servant and/or employee | ) |
| of JORDAN CARRIERS, INC., | ) |
| and JORDAN CARRIERS, INC., | ) |
| | ) |
| Defendants. | ) |

**LINCOLN CO. SHERIFF**
**MAR 24 2017**
**RECEIVED**
**STEVE RUSHING, SHERIFF**

### ALIAS SUMMONS

To each defendant:      **QUINCY CATCHINGS**, c/o Ellen Ann Catchings, 110 Avalon Avenue, Brookhaven, Mississippi 39601

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of the Circuit Court of Cook County at the following location: Richard J. Daley Center, 50 West Washington, Room 801, Chicago, Illinois 60602

You must file within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Attorney No.: 57415
Nikitas Fudukos – nfudukos@seidmanlaw.net
Seidman Margulis & Fairman, LLP
Attorney for Plaintiff
Address: 20 South Clark Street, Suite 700
City/State/Zip: Chicago, Illinois 60603
Telephone: (312) 781-1977

WITNESS: **DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**          MAR 2 1 2017

Clerk of Court
Date of Service: _____
(To be inserted by officer on copy left with defendant
or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT D

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

TANISHA L. WHITE,                                )
                                                 )
    Plaintiff,                           )
                                                 )
    v.                                   )    No. 17 L 556
                                                 )
QUINCY CATCHINGS, individually                   )
and as agent, servant and/or employee            )
of JORDAN CARRIERS, INC.,                         )
and JORDAN CARRIERS, INC.,                        )
                                                 )
    Defendants.                          )

### NOTICE OF FILING

TO:    Robert M. Campobasso
        Wilson Elser Moskowitz Edelman & Dicker LLP
        55 West Monroe Street - Suite 3800
        Chicago, IL 60603

    PLEASE TAKE NOTICE that on March 16, 2017 we have caused to be filed with the Clerk of Court the following document(s), copy of which is hereby served upon you: FIRST AMENDED COMPLAINT

### CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that, on March 16, 2017, I have caused to be served copies of the foregoing by U.S. mail, postage pre-paid, on each of the above-listed parties by depositing same in the U.S. postal box located at 20 S. Clark Street, Chicago, IL, before the hour of 5:00 p.m.

                                                 _____

SEIDMAN MARGULIS & FAIRMAN, LLP
Two First National Plaza
20 S. Clark Street - Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
(312) 853-2187 (F)
Firm No.: 57415

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| TANISHA L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 L 556 |
| | ) | |
| QUINCY CATCHINGS, individually | ) | |
| and as agent, servant and/or employee | ) | |
| of JORDAN CARRIERS, INC., | ) | |
| and JORDAN CARRIERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff, Tanisha L. White, by her attorneys, Seidman Margulis & Fairman, LLP, for

their Complaint against Defendants, Quincy Catchings, individually and as agent, servant and/or

employee of Jordan Carriers, Inc., and Jordan Carriers, Inc., state as follows:

### COUNT I – QUINCY CATCHINGS

1.      On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor

vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue,

both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.      On or about March 9, 2015, Defendant, Quincy Catchings, individually and as

agent, servant and/or employee of Jordan Carriers, Inc., was the permissive user of a 2013 Volvo

D13 Truck owned by Jordan Carriers, Inc. bearing license plate number A312025.

3.      At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing

business in Cook County, Illinois.

4.      On or about March 9, 2015, Defendant, Quincy Catchings, individually and as

agent, servant and/or employee of Jordan Carriers, Inc., was operating said motor vehicle in a

eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

5.      At the aforementioned time and place, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., owed the duty to operate his vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause injuries to others, and specifically owed said duty to the Plaintiff.

6.      On March 9, 2015, the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., caused his motor vehicle to strike the vehicle being operated by Tanisha L. White.

7.      On March 9, 2015, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was then and there negligent in one or more of the following ways in that he:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)     Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)     Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)     Collided with the aforementioned vehicle of the Plaintiff;

(e)     Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5/11-601(a);

(f)     Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)     Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)     Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

8.      One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was a proximate cause of the said collision and personal

3

injuries sustained by the Plaintiff.

9.     As a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

WHEREFORE, Plaintiff, Tanisha L. White, request that judgment be entered in their favor and against the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., for an amount in excess of the jurisdictional limits plus the costs of this suit.

## COUNT II – JORDAN CARRIER, INC.

1.     On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.     On or about March 9, 2015, Defendant, Jordan Carriers, Inc. was the owner of a 2013 Volvo D13 Truck bearing license plate number A312025.

3.     At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing business in Cook County, Illinois.

4.     On or about March 9, 2015, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was operating said motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

4

5.     At the aforementioned time and place, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, owed the duty to operate his vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause injuries to others, and specifically owed said duty to the Plaintiff.

6.     On March 9, 2015, the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, caused his motor vehicle to strike the vehicle being operated by Tanisha L. White.

7.     On March 9, 2015, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was then and there negligent in one or more of the following ways in that he:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)     Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)     Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)     Collided with the aforementioned vehicle of the Plaintiff;

(e)     Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5/11-601(a);

(f)     Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)     Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)     Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

8.     One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was a proximate cause of the said collision and personal injuries sustained by the Plaintiff.

9.     As a direct and proximate result of one or more of the aforesaid careless and/or

negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

WHEREFORE, Plaintiff, Tanisha L. White, request that judgment be entered in their favor and against the Defendant, Jordan Carriers, Inc., for an amount in excess of the jurisdictional limits plus the costs of this suit.

Respectfully submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

By: _____

Attorney for Plaintiff

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street - Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
(312) 853-2187 (F)
nfudukos@seidmanlaw.net
Firm No.: 57415

# EXHIBIT E

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED B - 7

2017 MAR 27 PM 3:26

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

TANISHA L. WHITE,

             *Plaintiff,*

    v.

QUINCY CATCHINGS, individually and as agent,
servant and/or employee of JORDAN CARRIERS,
INC., and JORDAN CARRIERS, INC.

             *Defendants.*

Case No. 2017-L-000556

## APPEARANCE

    The undersigned, as attorneys, hereby enter the appearance of the Defendant, Jordan Carriers, Inc.

                Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ,
                EDELMAN & DICKER LLP,

By:          
                Kathleen McDonough
                Robert Campobasso
                55 West Monroe Street
                Suite 3800
                Chicago, IL 60603
                Telephone: (312) 704-0550
                Facsimile: (312) 704-1522
                Firm I.D. 16741

Dated: March 27, 2017

1

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorney(s) of record via U.S. Mail on March 27, 2017:

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street, Suite 700
Chicago, IL  60603

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

2

2282150v.1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED B - 7

2017 MAR 27 PM 3: 27

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

TANISHA L. WHITE,

*Plaintiff,*

v.

QUINCY CATCHINGS, individually and as agent,
servant and/or employee of JORDAN CARRIERS,
INC., and JORDAN CARRIERS, INC.

*Defendants.*

Case No. 2017-L-000556

### DEFENDANT JORDAN CARRIERS'
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT AT LAW

Defendant JORDAN CARRIERS, INC., by its attorneys, Wilson Elser Moskowitz
Edelman & Dicker LLP, states the following for its Answer to Plaintiff's First Amended
Complaint:

### COUNT I – QUINCY CATCHINGS

Defendant makes no answer to the allegations contained in Plaintiff's Count I as they are
not directed at it. To the extent an answer is deemed necessary, Defendant denies all allegations
contained in Plaintiff's Count I of First Amended Complaint.

### COUNT II – JORDAN CARRIERS, INC.

1.      On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor
vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue,
both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

**ANSWER:**    **Defendant admits the allegations contained in Count II, Paragraph 1 of
Plaintiff's First Amended Complaint at Law.**

2268089v.1

2.      On or about March 9, 2015, Defendant, Jordan Carriers, Inc. was the owner of a

2013 Volvo D13 Truck bearing license plate number A312025.

**ANSWER:**      **Defendant admits the allegations contained in Count II, Paragraph 2 of Plaintiff's First Amended Complaint at Law.**

3.      At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing

business in Cook County, Illinois.

**ANSWER:**      **Defendant admits that it is a foreign corporation and that on March 9, 2015 it was doing business in Cook County, Illinois. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of Count II, Paragraph 3 of Plaintiff's First Amended Complaint at Law.**

4.      On or about March 9, 2015, Defendant, Jordan Carriers, Inc., by and through its

agent, servant and/or employee, Quincy Catchings, was operating said motor vehicle in an

eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being

public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

**ANSWER:**      **Defendant admits the allegations contained in Count II, Paragraph 4 of Plaintiff's First Amended Complaint at Law.**

5.      At the aforementioned time and place, Defendant, Jordan Carriers, Inc., by and

through its agent, servant and/or employee, Quincy Catchings, owed the duty to operate his

vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause

injuries to others, and specifically owed said duty to the Plaintiff.

**ANSWER:**      **Defendant admits only those duties imposed by law and otherwise denies the allegations of Count II, Paragraph 5 of Plaintiff's First Amended Complaint at Law.**

6.      On March 9, 2015, the Defendant, Jordan Carriers, Inc., by and through its agent,

servant and/or employee, Quincy Catchings, caused his motor vehicle to strike the vehicle being

operated by Tanisha L. White.

2

**ANSWER:** Defendant denies the allegations contained in Count II, Paragraph 6 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

7.     On March 9, 2015, Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was then and there negligent in one or more of the following ways in that he:

(a)     Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)     Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)     Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)     Collided with the aforementioned vehicle of the Plaintiff;

(e)     Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5111-601(a);

(f)     Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)     Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)     Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

**ANSWER:** Defendant denies the allegations contained in Count II, Paragraph 7 subparagraphs (a) though (h) of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

8.     One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, was a proximate cause of the said collision and personal injuries sustained by the Plaintiff.

3

2268089v.1

**ANSWER:** Defendant denies the allegations contained in Count II, Paragraph 8 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

9.      As a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, Jordan Carriers, Inc., by and through its agent, servant and/or employee, Quincy Catchings, the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

**ANSWER:** Defendant denies the allegations contained in Count II, Paragraph 9 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

WHEREFORE, Defendant, JORDAN CARRIERS, denies that Plaintiff is entitled to judgment in any sum whatsoever and respectfully request that this Court dismiss Plaintiff's complaint and/or enter judgment in its favor, plus costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Failure to Exercise Reasonable Care

1.      On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.      On or about March 9, 2015, Defendant, Jordan Carriers, Inc. was the owner of a 2013 Volvo D13 Truck bearing license plate number A312025.

3.      That at said time and place, Plaintiff Tanisha L. White accelerated her vehicle in such a manner that it collided with the vehicle being operated by Quincy Catchings.

4

2268089v.1

4.      That at said time and place the motor vehicle operated by Plaintiff Tanisha L. White struck the vehicle being operated by Defendant Quincy Catchings, as an agent of Defendant Jordan Carriers, Inc.

5.      That at said time and place, Plaintiff Tanisha L. White, had a duty to exercise care and caution for her own safety, and the safety of others, and otherwise act in a reasonably safe manner.

6.      That at said time and place, Plaintiff Tanisha L. White was required by law to:

   a.      operate her vehicle at reasonable rate of speed with regard to traffic conditions so as to not endanger the safety of any person or property pursuant to 625 ILCS 5/11-601;

   b.      maintain a reasonable and prudent distance from other vehicles, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway pursuant to 625 ILCS 5/11-710(a); and

   c.      turn her vehicle at a time when such movement could be made with reasonable safety pursuant to 635 ILCS 5/11-804.

7.      That at said time and place, Plaintiff Tanisha L. White failed to operate her vehicle at a reasonable rate of speed causing her vehicle to collide with the vehicle operated by Defendant Quincy Catchings.

8.      That at said time and place, Plaintiff Tanisha L. White failed to maintain a reasonable and safe distance from other vehicles upon the highway causing her vehicle to collide with the vehicle operated by Defendant Quincy Catchings.

9.      That at said time and place, Plaintiff Tanisha L. White failed to execute her turn onto southbound Indiana Avenue at a time when such a turn could be made with reasonable safety causing her vehicle to collide with the vehicle being operated by Defendant Quincy Catchings.

2268089v.1

10.     Plaintiff Tanisha L. White's careless, unreasonable, negligent, and reckless operation of her vehicle was the sole proximate cause of the accident and her claimed damages, if any.

11.     In the alternative, Plaintiff Tanisha L. White is barred from recovering any damages against Defendant Jordan Carriers pursuant to 735 ILCS § 2-1116 of the Illinois Code of Civil Procedure because her fault is greater than fifty-percent (50%) of the proximate cause of the injuries and damages alleged.

12.     In the second alternative, if Plaintiff Tanisha L. White's contributory negligence is found to be fifty-percent (50%) or less of the proximate cause of the injuries and damages for which recovery is sought, Defendant is entitled to a reduction in any damages awarded in proportion to the percentage of fault attributed to Plaintiff.

WHEREFORE, Defendant, JORDAN CARRIERS, denies that Plaintiff is entitled to judgment in any sum whatsoever and respectfully request that this Court dismiss Plaintiff's complaint and/or enter judgment in its favor, plus costs.

Respectfully submitted,

By: _____
One of the Attorneys for Defendant,
JORDAN CARRIERS

Kathleen McDonough
Robert Campobasso
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
P: 312-704-0550 / F: 312-704-1522
kathleen.mcdonough@wilsonelser.com
robert.campobasso@wilsonelser.com
Firm I.D. 16741

6

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorney(s) of record via U.S. Mail on March 27, 2017:

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street, Suite 700
Chicago, IL  60603

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

2268089v.1

# EXHIBIT F

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

TANISHA L. WHITE,

<em>Plaintiff,</em>

v.

QUINCY CATCHINGS, individually and as agent,
servant and/or employee of JORDAN CARRIERS,
INC., and JORDAN CARRIERS, INC.

<em>Defendants.</em>

Case No. 2017-L-000556



## APPEARANCE

The undersigned, as attorneys, hereby enter the appearance of the Defendant, Quincy

Catchings.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP,

By:  _____

Kathleen McDonough
Robert Campobasso
55 West Monroe Street
Suite 3800
Chicago, IL 60603
Telephone: (312) 704-0550
Facsimile: (312) 704-1522
Firm I.D. 16741

Dated: April 20, 2017

2299180v.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorney(s) of record via U.S. Mail on April 20, 2017:

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street, Suite 700
Chicago, IL 60603

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

2299180v.1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TANISHA L. WHITE,

*Plaintiff,*

v.

QUINCY CATCHINGS, individually and as agent,
servant and/or employee of JORDAN CARRIERS,
INC., and JORDAN CARRIERS, INC.

*Defendants.*

Case No. 2017-L-000356



### DEFENDANT QUINCY CATCHINGS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES Defendant QUINCY CATCHINGS, by his attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, states the following for its Answer to Plaintiff's First Amended Complaint:

### COUNT I – QUINCY CATCHINGS

1.      On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

**ANSWER:**   **Defendant admits the allegations contained in Count I, Paragraph 1 of Plaintiff's First Amended Complaint at Law.**

2.      On or about March 9, 2015, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was the permissive user of a 2013 Volvo D13 Truck owned by Jordan Carriers, Inc. bearing license plate number A312025.

**ANSWER:**   **Defendant admits the allegations contained in Count I, Paragraph 2 of Plaintiff's First Amended Complaint at Law.**

2283218v.1

3.      At all times relevant herein, Jordan Carriers, Inc. was a foreign corporation doing business in Cook County, Illinois.

**ANSWER:**   **Defendant admits that Jordan Carriers, Inc. is a foreign corporation and that on March 9, 2015 it was doing business in Cook County, Illinois. Defendant lacks sufficient knowledge to admit or deny the remaining allegations of Count I, Paragraph 3 of Plaintiff's First Amended Complaint at Law.**

4.      On or about July 18, 2016, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was operating said motor vehicle in a eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

**ANSWER:**   **Defendant admits the allegations contained in Count I, Paragraph 4 of Plaintiff's First Amended Complaint at Law.**

5.      At the aforementioned time and place, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., owed the duty to operate his vehicle in a reasonably safe manner and to exercise ordinary care and caution so as to not cause injuries to others, and specifically owed said duty to the Plaintiff.

**ANSWER:**   **Defendant admits only those duties imposed by law and otherwise denies the allegations of Count I, Paragraph 5 of Plaintiff's First Amended Complaint at Law.**

6.      On March 9, 2015, the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., caused his motor vehicle to strike the vehicle being operated by Tanisha L. White.

**ANSWER:**   **Defendant denies the allegations contained in Count I, Paragraph 6 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.**

2

7.    On March 9, 2015, Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was then and there negligent in one or more of the following ways in that he:

(a)    Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in operation of said motor vehicle;

(b)    Failed to keep adequate, or any, lookout during the operation of said motor vehicle;

(c)    Failed to reduce speed to avoid a collision with the aforementioned vehicle of the Plaintiff;

(d)    Collided with the aforementioned vehicle of the Plaintiff;

(e)    Operated his vehicle at a speed in excess of that which was reasonable given the traffic conditions in violation of 625 ILCS 5/11-601(a);

(f)    Failed to sound the horn in the vehicle he was operating to warn other drivers of his approach;

(g)    Failed to take any evasive action when reasonably necessary to do so in order to avoid a collision with the Plaintiff; and

(h)    Failed to yield the right of way to vehicles in an intersection in violation of 625 ILCS 5/11-904(b).

**ANSWER:**    Defendant denies the allegations contained in Count I, Paragraph 7 subparagraphs (a) though (h) of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

8.    One or more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., was a proximate cause of the said collision and personal injuries sustained by the Plaintiff.

**ANSWER:**    Defendant denies the allegations contained in Count I, Paragraph 8 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.

3

2283218v.1

9.     As a direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, Quincy Catchings, individually and as agent, servant and/or employee of Jordan Carriers, Inc., the Plaintiff sustained severe and permanent injuries, suffered great pain and suffering, have incurred and will continue to incur medical and related expenses, have sustained and will continue to sustain a loss of normal life, have lost wages from work and have become severely and permanently disfigured.

**ANSWER:**     **Defendant denies the allegations contained in Count I, Paragraph 9 of Plaintiff's First Amended Complaint at Law and demands strict proof thereof.**

### COUNT II – JORDAN CARRIER'S, INC.

Defendant makes no answer to the allegations contained in Plaintiff's Count II as they are not directed at him. To the extent an answer is deemed necessary, Defendant denies all allegations contained in Plaintiff's Count II of her First Amended Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### Failure to Exercise Reasonable Care

1.     On or about March 9, 2015, Plaintiff, Tanisha L. White, was operating a motor vehicle in an eastbound direction on 127th Street at or near its intersection with Indiana Avenue, both being public highways and/or thoroughfares located in Chicago, Cook County, Illinois.

2.     On or about March 9, 2015, Defendant, Jordan Carriers, Inc. was the owner of a 2013 Volvo D13 Truck bearing license plate number A312025.

3.     That at said time and place, Plaintiff Tanisha L. White accelerated her vehicle in such a manner that it collided with the vehicle being operated by Quincy Catchings.

4

4. That at said time and place the motor vehicle operated by Plaintiff Tanisha L. White struck the vehicle being operated by Defendant Quincy Catchings, as an agent of Defendant Jordan Carriers, Inc.

5. That at said time and place Plaintiff Tanisha L. White had a duty to exercise care and caution for her own safety, and the safety of others, and otherwise act in a reasonably safe manner.

6. That at said time and place, Plaintiff Tanisha L. White was required by law to:

    a. operate her vehicle at reasonable rate of speed with regard to traffic conditions so as to not endanger the safety of any person or property pursuant to 625 ILCS 5/11-601;

    b. maintain a reasonable and prudent distance from other vehicles, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway pursuant to 625 ILCS 5/11-710(a); and

    c. turn her vehicle at a time when such movement could be made with reasonable safety pursuant to 635 ILCS 5/11-804.

7. That at said time and place, Plaintiff Tanisha L. White failed to operate her vehicle at a reasonable rate of speed causing her vehicle to collide with the vehicle operated by Defendant Quincy Catchings.

8. That at said time and place, Plaintiff Tanisha L. White failed to maintain a reasonable and safe distance from other vehicles upon the highway causing her vehicle to collide with the vehicle operated by Defendant Quincy Catchings.

9. That at said time and place, Plaintiff Tanisha L. White failed to execute her turn onto southbound Indiana Avenue at a time when such a turn could be made with reasonable safety causing her vehicle to collide with the vehicle being operated by Defendant Quincy Catchings.

5

10.    Plaintiff Tanisha L. White's careless, unreasonable, negligent, and reckless operation of her vehicle was the sole proximate cause of the accident and her claimed damages, if any.

11.    In the alternative, Plaintiff Tanisha L. White is barred from recovering any damages against Defendant Jordan Carriers pursuant to 735 ILCS § 2-1116 of the Illinois Code of Civil Procedure because her fault is greater than fifty-percent (50%) of the proximate cause of the injuries and damages alleged.

12.    In the second alternative, if Plaintiff Tanisha L. White's contributory negligence is found to be fifty-percent (50%) or less of the proximate cause of the injuries and damages for which recovery is sought, Defendant is entitled to a reduction in any damages awarded in proportion to the percentage of fault attributed to Plaintiff.

WHEREFORE, Defendant, JORDAN CARRIERS, denies that Plaintiff is entitled to judgment in any sum whatsoever and respectfully request that this Court dismiss Plaintiff's complaint and/or enter judgment in its favor, plus costs.

Respectfully submitted,

By: _R - C_____
One of the Attorneys for Defendants,
JORDAN CARRIERS
QUINCY CATCHINGS

Kathleen McDonough
Robert Campobasso
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
55 W. Monroe Street, Suite 3800
Chicago, IL 60603
P: 312-704-0550 / F: 312-704-1522
kathleen.mcdonough@wilsonelser.com
robert.campobasso@wilsonelser.com
Firm I.D. 16741

6

2283218v.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing instrument was served on the attorney(s) of record via U.S. Mail on April 20, 2017:

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street, Suite 700
Chicago, IL 60603

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

# EXHIBIT G

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

TANISHA L. WHITE,                          )
                                           )
    Plaintiff,                             )
                                           )
    v.                                     )   No. 17 L 556
                                           )
QUINCY CATCHINGS, individually             )
and as agent, servant and/or employee      )
of JORDAN CARRIERS, INC.,                  )
and JORDAN CARRIERS, INC.,                 )
                                           )
    Defendants.                            )

## CERTIFICATE OF SERVICE

TO:   Robert M. Campobasso
       Wilson Elser Moskowitz Edelman & Dicker LLP
       55 West Monroe Street - Suite 3800
       Chicago, IL 60603

       I, the undersigned, hereby certify that, on April 21, 2017, I have caused to be served copies of **Plaintiff's Response to Defendant Jordan Carrier's First Request for Admission** by U.S. mail, postage pre-paid, on each of the above-listed parties by depositing same in the U.S. postal box located at 20 S. Clark Street, Chicago, IL, before the hour of 5:00 p.m.

SEIDMAN MARGULIS & FAIRMAN, LLP
Two First National Plaza
20 S. Clark Street - Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
(312) 853-2187 (F)
Firm No.: 57415

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| TANISHA L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 L 556 |
| | ) | |
| QUINCY CATCHINGS, individually | ) | |
| and as agent, servant and/or employee | ) | |
| of JORDAN CARRIERS, INC., | ) | |
| and JORDAN CARRIERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO DEFENDANT JORDAN CARRIER'S
FIRST REQUEST FOR ADMISSION**

Plaintiff, Tanisha L. White, by her attorneys, Seidman Margulis & Fairman, LLP, in

response to Defendant's, Jordan Carriers, Inc., Request for Admission, state as follows:

1.    Please admit that your total alleged damages as a result of the March 9, 2015

accident as alleged in your complaint, Case No. 17 L 556, exceed $75,000.00.

**Response:**    Admitted.

2.    Please admit that Plaintiff Tanisha L. White is a citizen of the State of Illinois.

**Response:**    Admitted.

Nikitas Fudukos
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 S. Clark Street - Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
(312) 853-2187 (F)
nfudukos@seidmanlaw.net
Firm No.: 57415

2

### CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

Date

TANISHA L. WHITE

3

# EXHIBIT H

**JORDAN CARRIERS, INC.**
**AFFIDAVIT OF CITIZENSHIP & CONSENT TO REMOVAL**

I, Jake Woods, being of legal age, swear under penalty of perjury that the following statements are true and accurate, to the best of my knowledge and belief:

1. I am a citizen and resident of the State of Mississippi.

2. I am the General Manager of Jordan Carriers, Inc.

3. Defendant Jordan Carriers, Inc. is incorporated in the state of Mississippi, with its principal place of business in Natchez, Mississippi.

4. Jordan Carriers, Inc. does not object to the removal of this matter from Cook County, Illinois to the U.S. District Court for the Northern District of Illinois.

Further Affiant Sayeth not.

By: _____
Jake Woods, General Manager
Jordan Carriers, Inc.

SUBSCRIBED and SWORN to before me,
On April 14th 2017.

_____
NOTARY PUBLIC

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 80262
MARY E. RUSS
Commission Expires
Feb. 22, 2018
ADAMS COUNTY

2300114v.1

# EXHIBIT I

Time: 9:30   Line # 23

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Tanislus White

Plaintiff(s),                                              )   No. 17 L 556
                                                          )   Motion Call "H"
v.                                                        )   Trial Date: N/a
                                                          )
          Quincy Catchings et al                          )
Defendant(s).                                             )

## CASE MANAGEMENT ORDER

Check all that apply and fill in pertinent information.

(4297) _____ Plaintiff(s) to send treaters' list with names and addresses to defendant(s) by _____
(4288) _____ Defendant to issue subpoenas for treaters' records/depositions by _____
(4231) _____ R. 213(f)(1), (f)(2) & R. 214 discovery to be issued by _____ or deemed waived
(4296) _____ R. 213(f)(1), (f)(2) & R. 214 discovery to be answered by _____
(4218) _____ R. 213(f)(1) fact depositions to be completed by _____
(4288) _____ R. 213(f)(2) deposition subpoenas to be issued by _____ or deemed waived
(4218) _____ R. 213(f)(2) subpoenaed depositions to be completed by _____
(4296) _____ R. 215 discovery to be completed by _____ or deemed waived
(4296) _____ R. 216 discovery to be completed by _____ or deemed waived
(4231) _____ Dispositive motions to be filed by _____ or deemed waived
(4206) _____ R. 213(f)(3) interrogatories issued by Plaintiff(s)/Defendant(s)/Add'l Part(y)(ies) (circle)
                to be answered by _____
(4218) _____ R. 213(f)(3) witnesses of Plaintiff(s)/Defendant(s)/Add'l Part(y)(ies) (circle all applicable)
                to be deposed by _____
(4295) _____ R. 213(f)(1 & 2), 213(f)(3), 214, 215, 216 – discovery is closed (circle all applicable)
(4619)   X    Continued for subsequent case management conference on 4/20/17
                at 10:00 a.m/p.m. in courtroom 2209 for:
                (A) ___ Proper Service   (B) ___ D's & TPD's Appearance   (C) ___ Case Value
                (D) ___ Pleading Status  (E) ___ Discovery Status         (F) ___ Pre-Trial/Settlement
                (G) ___ Mediation Status (H) ___ Trial Certification      (I) X  Other (specify)

Status on service of Defendant Catchings;
Plaintiff granted leave to file Amended Complaint
instanter

(4005) ___ Case DWP'd          (4040) ___ Case voluntarily dismissed pursuant to 735 ILCS 5/2-1009
(4331) ___ Case stricken       (4284) ___ Motion stricken or        (4330) ___ Case stricken from
          from CMC call                  withdrawn from call                   motion call

ENTERED:                        **Time Matters**

Att'y # 57415
Att'y Name Seilun Myulis Patrun        John H. Ehrlich, Circuit Court Judge
Att'y For Plaintiff
Address 20 S Clark A 700               Judge John H. Ehrlich
City Chicago                           MAR 16 2017
Telephone 312-781-1977
E-Mail nfrdules @ seilunlaw.net        Circuit Court 2075

## CASE MANAGEMENT ORDER

Copies of all prior CMC orders must be brought to all CMC court dates. Failure of any party to comply with
a CMC order is a basis for R. 219(c) sanctions. Failure of any party to enforce this CMC order will
constitute a waiver of such discovery by that party.

Time: 10:00 Line # 37

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Tanika White _____ )
Plaintiff(s), )
                                             ) No. 17 L 556
v.                                           ) Motion Call "H"
                                             ) Trial Date: N/A
Quincy Catchings, et al _____ )
Defendant(s). )

## CASE MANAGEMENT ORDER

Check all that apply and fill in pertinent information.

(4297) _____ Plaintiff(s) to send treaters' list with names and addresses to defendant(s) by _____
(4288) _____ Defendant to issue subpoenas for treaters' records/depositions by _____
(4231) _____ R. 213(f)(1), (f)(2) & R. 214 discovery to be issued by _____ or deemed waived
(4296) _____ R. 213(f)(1), (f)(2) & R. 214 discovery to be answered by _____ or deemed waived
(4218) _____ R. 213(f)(1) fact depositions to be completed by _____
(4288) _____ R. 213(f)(2) deposition subpoenas to be issued by _____ or deemed waived
(4218) _____ R. 213(f)(2) subpoenaed depositions to be completed by _____
(4296) _____ R. 215 discovery to be completed by _____ or deemed waived
(4296) _____ R. 216 discovery to be completed by _____ or deemed waived
(4231) _____ Dispositive motions to be filed by _____ or deemed waived
(4206) _____ R. 213(f)(3) interrogatories issued by Plaintiff(s)/Defendant(s)/Add'l Part(y)(ies) (circle)
          to be answered by _____
(4218) _____ R. 213(f)(3) witnesses of Plaintiff(s)/Defendant(s)/Add'l Part(y)(ies) (circle all applicable)
          to be deposed by _____
(4295) _____ R. 213(f)(1 & 2), 213(f)(3), 214, 215, 216 – discovery is closed (circle all applicable)
(4619) __X__ Continued for subsequent case management conference on 5.31.17 _____
          at 10:30 a.m./p.m. in courtroom 2209 for:
          (A) ___ Proper Service   (B) ___ D's & TPD's Appearance   (C) ___ Case Value
          (D) _X_ Pleading Status  (E) ___ Discovery Status          (F) ___ Pre-Trial/Settlement
          (G) ___ Mediation Status (H) ___ Trial Certification       (I) ___ Other (specify)

Jordan Carrell and Quincy Catchings to file Answer
and Appearance + Catchings Instanter.

(4005) ___ Case DWP'd   (4040) ___ Case voluntarily dismissed pursuant to 735 ILCS 5/2-1009
(4331) ___ Case stricken (4284) ___ Motion stricken or      (4330) ___ Case stricken from
          from CMC call           withdrawn from call                 motion call

ENTERED:

Att'y # 57415
Att'y Name ___ Seilhan Magolis Carmen
Att'y For Plaintiff
Address 20 S Clark #700
City Chicago
Telephone 312-781-1977
E-Mail nfulmbros@seilhanlaw.net

John H. Ehrlich, Circuit Court Judge

Judge John H. Ehrlich

APR 20 2017

## CASE MANAGEMENT ORDER
Circuit Court 2075

Copies of all prior CMC orders must be brought to all CMC court dates. Failure of any party to comply with
a CMC order is a basis for R. 219(c) sanctions. Failure of any party to enforce this CMC order will
constitute a waiver of such discovery by that party.